May it please the Court, Florence Brummer from Anthem, Arizona, representing Appellant Mr. Michael Rivera. As the Court knows, an order was issued by this Court on February 3, 2012, directing the parties to address at oral argument whether petitioner's appeal should be denied without reaching the statutory and equitable tolling issues in light of his failure to challenge the District Court's denial of his habeas petition on the merits and on the basis of procedural default. And the Court, of course, cited the report and recommendation recommending that the petition be denied, particularly the footnote on page 10, and also cited the order. I'm going to start there, and it's sort of a two-prong approach. My first argument is that, number one, Mr. Rivera did address his petition on the merits and on the basis of procedural default, both in his application for certificate of appealability and in his 45-page traverse that was filed to the habeas petition. I thought he asked for COAs only on the tolling issues. He did, Your Honor, but he did also address the merits and the procedural default. In the very first page of the application for the certificate of appealability, going on to the second page, he lists specifically the two issues that he wanted the Court to issue the certificate of appealability in, number one being the consistency agreement that was addressed in the opening brief, and the second issue being the Sixth Amendment violation for the --- Sotomayor, what page of the record are you referring to? It's in my excerpts, Your Honor. Is it the handwritten motion to order to stay, et cetera? No. No, that was filed prior. Prior. Prior. It's an application for certificate of appealability. Yes. It's page 25 in the excerpts, the appellate excerpts. It says issue one is given as the first tolling question, i.e., the conflict between the two. It's rule in the statute. And two is the issue arising out of the failure to stay, the first petition for review of habeas corpus. Where is the – where is what you're talking about? I'm talking about, Your Honor, that in the – and, you know, I'm sorry. I did miscite where I was referring to because I was talking about that as on, like, the procedural end. But on the merits part, on the first page, in that very first paragraph – Are we still on 25? On 25. He does talk about the dismissal of the petition for the writ of habeas and filing the notice of appeal. So that's referring to the merits. And then when he's going through the application for certificate of appealability, he never uses the word merits. He never really says that – he never really talks about the actual facts of the merits. But he is talking about that he's seeking relief from those. And on the procedural part of it, when he's referring on page 25 and 26 of the excerpts to what he's asking for, that's referring to the procedural default. And then even on page 29 of the excerpts, he's talking about that the habeas court required Rivera to know that the Arizona courts via case law has deemed the conflicts between the procedural provisions of ARS 1342.31 and Rule 32 are resolved in favor of the rule. Even assuming that his pro se statement should have been read in the way that you're suggesting, the briefing to us does not seek to address this issue. And we do allow parties to try through briefing to urge the taking of a previously uncertified issue. So even assuming that the request was initially made, there's – as I read the briefs, there was just no mention of the alternative holding on the merits. And ordinarily that constitutes a waiver of those issues here, regardless of whether they were waived earlier. And I wonder if you could comment on why we shouldn't apply that rule here. Well, Your Honor, in the briefing to this Court, the briefing focused on the issues that were certified in the Certificate of Appealability. And the – But you're allowed to raise other issues that are uncertified. And as far as I know, without regard to whether there was a certified, an earlier request for certification. And you didn't do it. So at this point, the question is, if we were to agree with you on the certified issues, where would that leave the case? You still wouldn't win. No, I don't agree with that, Your Honor. I think that the Court could remand the case back to district court to order the case. Decide what it already decided. No, to decide the issues on the merits. You did decide them on the merits. That's the problem. That's what caused us to issue the order. Because, I mean, one could imagine a footnote or an aside that is something less than a holding that says, well, the issues don't look that strong anyway, or something like that. But here, the magistrate judge's order, which is adopted, expressly says, even if we give your client the benefit of all of these procedural things that he's asking for, he loses on the merits. And then there's an explanation for a few short paragraphs of why he loses on the merits. So there's already been a holding that he loses on the merits. So in the absence of a brief that asks us to reverse that, I don't understand how we can get to any other issues in the case. Your Honor, again, respectfully, I disagree that there was an adequate ruling on the merits. In the issue number one regarding the consistency agreements, the district court just briefly says that there, and this was in the footnote, again, on page 10. Right. Basically just says the decision was never federalized. And so on the merits, he loses. And actually, he may well have been wrong about that. Right, Your Honor. But so what if he didn't present it in the briefs? I mean, the rule on waiver doesn't really allow us to look behind it to see if the court was wrong. That's the whole point of the waiver. So if someone fails to make an argument to us, it doesn't matter if it would have been a good argument had it been made. I guess that's my difficulty. Well, Your Honor, the issue on the merits, it never got there. The district court concentrated on the statutory default and said there was no equitable tolling. And that was out of that 10-page report and recommendation, except for that brief footnote. That is what the court concentrated on. What happened here exactly in terms of you were appointed or your office was appointed? Uh-huh. Because you're not the person who wrote the briefs, I gather. No. I did. I was part of it. All right. But your name's not on them. I'm with Rosenquist & Associates. And I have an office. But so your office, Mr. Rosenquist, I guess, was appointed. Yes. And after the COA issued? After, yes. The COA was issued by this Court and not by the district court? It was issued by this Court, Your Honor. That's correct. And so is there some reason why you thought that that's all you could brief? Because that's what the certificate of appealability was restricted to. And also, looking back at the report and recommendation of the district court, it focused on equitable tolling and statutory tolling. Maybe we should hear from opposing counsel and leave you some time for rebuttal. If I may reserve for rebuttal. Thank you. May it please the Court, Katya Mayhew, representing the State of Arizona. I'd like to apologize for my part on this process, because what happened is that when I received the order, I made a notation in my answering brief that told the Court that the procedural default ruling had entered. But because Judges Oscalian and Bybee asked us to address the PACE issue, that was the focus of my brief. I didn't spend a lot of time telling the Court that this issue was procedurally that it was procedurally defaulted because it was obvious. So I did not spend a lot of time on that issue. I mean, actually, it seems to me that if the first of these issues, at least as to ground one, had been briefed, just without a lot of briefing, but there's at least a very serious question whether that ruling was right. It was probably wrong, in that the Arizona Supreme Court is true, only addressed it under Arizona law, but the issue was raised, was federalized. And if they didn't address it, that's their problem. So I don't understand that ruling. The question isn't really the propriety of that, though. The question is what do we do with the fact that it wasn't briefed. Kagan, you're essentially saying you read our order the same way the Petitioner's counsel did, i.e., this is what we should talk about. So under those circumstances, why isn't the problem ours? We shouldn't have issued the Certificate of Appealability that way. Well, I'm not sure how to answer that question, Your Honor, because basically we addressed the issue, but I did make a notation of it saying this is probably not before the Court. Well, then you did. But you also thought that you were being asked to brief the other question, which is apparently what Petitioner also thought. Which other question, Your Honor? The questions with regard to the statutory and equitable toa. Yes. You thought that's what the case was about because we said so, essentially. Yes. Right. So why isn't Petitioner entitled to that assumption as well? Because the only way that we could truly address this is if we want, if the Court wanted to talk about pace and its applicability to mixed petitions, but the Court cannot get to that point under these facts. Perhaps what could have been done is that we could have moved to vacate it, but that's not appropriate. That's not what we usually do. We just, you ask us to answer a question and we respond to it. Which is exactly what the Petitioner is saying. We were appointed, we, the Court issued a COA and appointed us to argue the issue that it issued in the COA, so that's what we did. Yes, Your Honor. So why isn't it our problem that we just set the case up wrong? Why is this, or put another way, assuming that there is some, would be some merit in attacking the footnote 9, that it isn't, that, were it, were it briefed? Why don't we just ask for the briefing now? Because instead of defaulting it, taking it as a waiver, when there was all this confusion somewhat created by the way we issued the COA about whether that issue was available to be briefed or not. Well, Petitioner doesn't, Petitioner raises eight claims in his, in his petition for a writ of habeas corpus. Not one of them is a valid constitutional claim. So no matter what happens, this Court will never be able to grant him any relief. But all that the trial court decided in footnote 9 with regard to ground 1. Yes. Was that it was procedurally defaulted, as I understand it. Because it was seeking review of the State court's application of State precedent and that there wasn't a Federal issue regarding it. That's all it decided. It didn't decide any merits question as to whether it would be a good Federal claim if there were one. Right. Okay. But, Your Honor, this Petitioner on ground 1, it is the one and only claim that is exhausted. It was raised on direct appeal. Okay. It is exhausted. Okay. But it is not a Federal constitutional claim. There is no due process right. But nobody has decided that. That nobody has decided. The only thing that the, that the footnote decides, as I read it, maybe you can tell me why I'm wrong, is that it was procedurally defaulted. So the question is, should we say that the default of this Petitioner, when we appointed the lawyer and we defined the COA and, and the lawyer that we appointed, either rightly or wrongly, possibly rightly or wrongly, should we say that the Petitioner was at least as misled as you were by the way that we issued the COA? I mean, the waiver rules are not, the waiver rules, insofar as they apply to not briefing before us, are not impregnable. I mean, sometimes we can address issues that were not briefed. So why don't we just get to briefing now and decide it? Just that one thing. Sotomayor, if I could come at this from a slightly different approach. I'm looking at the language of the COA statute, 2215.3c of Title 28, and it requires in subsection 2 that a COA may issue under paragraph 1 only if the applicant has made a substantial showing of the denial of a constitutional right. And if I understand the answers that you were giving earlier, the State's position is we can't issue a COA on ground one because it doesn't meet that standard. There is no Federal constitutional claim here. This is purely a violation alleged of Arizona law on consistency agreements. Your Honor, that is correct. I was not as clear and as eloquent as you are, but that is absolutely correct. We're wrestling with this, too. Well, there's also the question of if the case as briefed deals with whether the petition is timely. If it's untimely, as has been held, then we never reach the merits alternatively or otherwise. So that is correct, Your Honor. I guess to start with, to start with, we should basically, our position is that the court should affirm the finding of time bar. And the next point from our analysis is that the court, is that the appeal should be denied because the petitioner does not state a valid constitutional claim. And when you do look at 28 U.S.C. 2253C-2, the petitioner has to meet two standards. And because ground one is the only one that's exhausted, we cannot get to it under any basis. Because petitioner does not allege a valid constitutional claim. When the defendant raises a, when the defendant claims that a plea agreement contains a consistency clause, he's alleging a due process violation. There is no such, there is no such violation. And the court has said this in Cook v. Shiro, this claim is not cognizable. And is that because the plea agreement in this case basically called for the witnesses to testify truthfully, whereas a consistency agreement requires that the plea agreement say you must testify the same way that you did when you gave your statement to the police or you testified in the grand jury? That's a consistency agreement. That is correct. And when, and when, and this is an interesting case because the Supreme, the Arizona Supreme Court addressed this case on two occasions. It issued published decisions. The call of appeals said, well, this is clearly a consistency agreement. When the Arizona Supreme Court took a look at it, they basically said just as you stated, Judge Tallman, is that it just, it just tells the defendants to testify truthfully. And it found, and basically when it looked at its own case law, it determined that the underlying case that the defendant rested his position on was not a due process case. It was a contractual agreement case where the court found a. Okay. Go ahead. I guess I'm finished. I'll wait for your question. To back up for a minute. What Gonzales decided, the case that you sent us, was that it did not deprive the court of appeals of power to adjudicate that they didn't indicate the specific issue on the COA, right? So we, the COA that was issued, I assume said, because we always say something to the effect of finding that there is, you know, a non-frivolous constitutional issue or something like that without indicating it. Isn't that right? Is that what the COA said? No. It didn't? No, it did not. This is different from every other one. Yes, it is. Absolutely, it is. It's a very lengthy COA, and it basically, and my interpretation as well as my colleagues is that the court wanted us to address the Pace issue on mixed petitions. And if you'll remember, that's where I spent the majority of my argument and the brief. I addressed Pace exhausted. I spent a lot of time on Pace because I thought that's what the court wanted to hear about. Thank you, Counsel. Your time has expired, and we'll hear some rebuttal here briefly. Thank you. Just to address Gonzales briefly, the State did submit that, and I think they submitted it for the showing of the denial of a constitutional right, and the way that Gonzales appears to read is that when the certificate of appealability is issued, that there's a presumption that there's been a substantial showing of a denial of a constitutional right. I think what Gonzales stands for is that it has to specify for the litigants what issues are available or are considered to meet the standard for issuance of a COA, which is that reasonable people might differ. But didn't we follow our usual practice here of describing in some detail what issues were before us? You did, Your Honor, and the briefing addressed those issues. Okay. But don't we also have a rule that allows briefing on uncertified issues in addition? They do, Your Honor. Okay. And if the Court will please relook at the report and recommendation that was made, and there was not any decision made by the district court on the merits really. The district court said it appears on the merits that issue one is done. And then on the issue three, which is issue two, regarding the ineffective assistance of counsel, there was no decision on the merits. Well, no. What Registrar Guerin is saying is that if the determination of consistency agreements is purely a question of Arizona law, inciting to Estelle v. McGuire, she is saying that claim is not cognizable on Federal habeas because it doesn't meet the statutory standard of 2253c2 because it does not raise a substantial Federal constitutional claim. She says it appears and then cites that, Your Honor. And then but if you look at the briefing that was actually done on that issue, both the appellant's brief, the appellee's brief, both cite constitutional provisions, including the 14th Amendment, and in the petition for habeas corpus, Mr. Rivera cited the 14th Amendment. Thank you, counsel. Thank you. The case just argued is submitted, and we appreciate counsel's arguments today.
judges: Graber, Berzon, Tallman